**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

DOMINO'S PIZZA FRANCHISING
LLC, a Delaware limited liability
company,

                Plaintiff,

v.                                              Case No. 11-14542
                                              Honorable Denise Page Hood

FARHAT SERAJ, an individual; ADIL
ALKABBI, an individual; ZZS 2
ENTERPRISES, LLC, a Michigan
limited liability company; and
PIZANO'S PIZZA, INC., a Michigan
corporation

                Defendants.

_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING
ORDER AND NOTICE OF HEARING ON THE MOTION FOR PRELMINARY
INJUNCTION**

**I.     BACKGROUND**

This matter is before the Court on the Plaintiff's Motion for Temporary Restraining Order and Preliminary Injunction **[Docket No. 5, filed October 20, 2011]**. On October 14, 2011, Plaintiff filed a Complaint against Defendants Farhat Seraj ("Seraj"), Adil Alkabbi "Alkabbi"), ZZS 2 Enterprises, LLC ("ZZS"), and Pizano's Pizza, Inc. ("Pizano's Pizza") (collectively the "Defendants") alleging: Count I – trademark infringement, false designation of origin, and federal trademark dilution by Seraj and Pizano's Pizza; Count II – breach of franchise agreement-failure to comply with post-termination obligations; Count III – breach of franchise agreement-past failure to pay; and Count IV – breach of franchise agreement-future damages.

Plaintiff, Domino's Pizza Franchising, LLC, ("Domino's") is a franchisor for Domino's Pizza [Compl. ¶ 1]. On October, 10, 2008, Domino's entered into an agreement with Seraj and Alkabbi's enterprise ZZS (collectively "Franchise Defendants") to operate a second store at 5214 S. Cedar Street, Lansing, Michigan (the "Cedar Location") [Compl. ¶ 2, 15]. On November 24, 2008, Domino's entered into an agreement with Seraj personally to operate a Domino's Pizza store at 3700 Waverly Road, Lansing, Michigan (the "Waverly location") [Compl. ¶ 2, 17]. The franchise was to run until late 2018 [Compl. ¶ 18]. Under the franchise agreements, Franchise Defendants agreed to pay Domino's a specified percentage in royalties and advertising [Compl. ¶¶ 19-21]. The franchise agreements also provided that failure "on three (3) or more occasions during any twelve (12) month period to comply with any one or more provisions of this Agreement" was grounds for immediate termination [Compl. ¶ 23]. The franchise agreement allowed Domino's to recover reasonable attorney fees in the event that Domino's instituted a legal action [Compl. ¶ 24].

Franchise Defendants began to breach the franchise agreement for both locations beginning in April 2011 until August 2011 [Compl. ¶ 3]. Seraj was advised by letter of his default under the franchise agreements on April 7, 2011, April 25, 2001, June 28, 2011 and June 30, 2011 for the Waverly location [Compl.¶ 27]. Franchise Defendants were notified of their default by letter on April 25, 2011, June 28, 2011, June 30, 2011, and August 5, 2011[Compl. ¶ 28]. Based on these breaches, Domino's terminated the franchise agreement for both locations on August 12, 2011 by letter, but termination was stayed until September 12, 2011 to allow Franchise Defendants to sell the stores [Compl. ¶¶ 3, 29]. On August 22, 2011, termination was stayed by written agreement of the parties until September 26, 2011. *Id.* The stores were not sold and termination became effective on September 27, 2011. *Id.*

The franchise agreements provide that, upon termination, Franchise Defendants were required to return the Operating Manual and customer lists, pay all royalty fees, execute documents to turn the telephone numbers over to Domino's, and to make the stores accessible for Domino's to operate the stores by assignment of the leases [Compl. ¶¶ 4, 25-26]. Seraj closed the Cedar location and removed nearly all of the equipment and fixtures [Compl. ¶¶ 1, 5]. Franchise Defendants began operating the Waverly location as a "Pizano's Pizza," selling some Domino's products and using equipment and materials bearing the Domino's trademark [Compl. ¶ 5]. Franchise Defendants have not satisfied their post-termination obligations under the franchise agreements [Compl. ¶¶ 32-34,37].

## II.   LAW & ANALYSIS

Plaintiff appears to conflate the analysis for a temporary restraining order and a preliminary injunction. The Court, in this order, will only address the merits of the temporary restraining order.

Plaintiff seeks a temporary restraining order to prevent Defendants from using, advertising or displaying any of Domino's trademarks. Plaintiffs also request this Court to require Defendants to turn over all manuals, customer lists, and telephone numbers and make the both store locations available for Domino's operation. Plaintiff provides affidavits in support of its motion.

The Federal Rules of Civil Procedure 65(b) allows the Court to enter a temporary restraining order if the following criteria are met:

> (A) Specific facts in an affidavit or a verified complaint clearly show that immediate and irreparable injury, loss, or damage will result to the movant before the adverse party can be heard in opposition; and
> (B) The movant's attorney certifies in writing any efforts made to give notice and the reasons why it should not be required.

Fed. R. Civ. P. 65(b). Before the Court may enter a temporary restraining order, the movant must produce compelling evidence of irreparable and imminent harm and certify that it has exhausted reasonable efforts to give notice to the nonmovant. *Fuentes v. Shevin*, 407 U.S. 67 (1972); *Boddie v. Connecticut*, 401 U.S. 371 (1971).

A plaintiff's harm is not irreparable if it can be fully compensated by money damages. *Basicomputer Corp. v. Scott*, 973 F.2d 507, 511 (6th Cir. 1992). However, in trademark cases, irreparable harm is generally presumed on a showing of likelihood of confusion. *Express Mortgage Brokers Inc., v. Simpson Mortgage, Inc.*, 31 U.S.P.Q.2d 1371 (E.D. Mich. 1994). Injunction is inappropriate if there is an adequate remedy at law. *Gilley v. United States*, 649 F.2d 449, 454 (6th Cir. 1981). Loss of good will, client trust, confidence and confidentiality and competitive advantage constitute irreparable harm for which there is no adequate remedy at law. *Basicomputer*, 973 F.2d at 512.

Here, Plaintiff argues that "Defendants' unauthorized use of Domino's location, look, telephone numbers, manuals, and customer lists" at the Waverly location cause confusion and may result in permanent business loss to Domino's. Although the main store sign no longer carries the Domino's trademark, Defendants operate a pizza business in what was once a Domino's Pizza. Plaintiff has shown that Defendants continue to use flags and other materials that bear the Domino's mark. In addition, Defendants have not turned over the telephone numbers associated with the previous Domino's franchise, the manuals, customer lists, or assigned the property as required under the franchise agreement. As for the Cedar location, it appears that it is no longer open, but that Defendants have not assigned the lease as required.

However, nowhere within Plaintiff's nearly thirty page brief and nearly 90 pages of accompanying exhibits did it provide a sufficient showing of the harm that would result if

Defendants were not given an opportunity to be heard as required by Fed. R. Civ. P. 65(b). Plaintiff has also failed to certify its efforts to give notice to Defendants of Plaintiff's attempt to seek an injunction as required by Fed. R. Civ. P. 65(b). The Court finds that Plaintiff has not met the requirements for a temporary restraining order under Fed. R. Civ. P. 65(b). Plaintiff's motion must be denied.

### III.   CONCLUSION

For the reasons set forth above,

**IT IS ORDERED** that Plaintiff's Ex Parte Motion for Temporary Restraining Order **[Docket No. 5, filed October 20, 2011]** is **DENIED**.

**IT IS FURTHER ORDERED** Plaintiff must serve all Defendants with a copy of the Complaint, the Motion for Preliminary Injunction and this Order by **October 27, 2011.** Any response to the Motion for Preliminary Injunction by any Defendant must be filed with the Clerk's Office by **November 10, 2011**. Any reply to the response must be filed by **November 15, 2011.**

**IT IS FURTHER ORDERED** that a hearing on Plaintiff's Motion for Preliminary Injunction under Fed. R. Civ. P. 65(a) is set for **Thursday, November 17, 2011, 3:00 p.m.** before the Honorable Denise Page Hood, Theodore Levin United States Courthouse, 231 W. Lafayette Blvd., Detroit, Michigan. The parties must meet and confer to narrow the issues and exchange witness lists and exhibits to be presented at hearing, if any. Plaintiff must submit a joint witness list to the Court by **November 15, 2011, 4:00 p.m.**

                                                s/Denise Page Hood
                                                **United States District Judge**

Dated:  October 21, 2011

      **I hereby certify that a copy of the foregoing document was served upon counsel of record on October 21, 2011, by electronic and/or ordinary mail.**

                                         **s/LaShawn R. Saulsberry**
                                         **Case Manager**

2:11-cv-14542-DPH-MAR   Doc # 8   Filed 10/21/11   Pg 6 of 6   Pg ID 172